UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLORENCE A. LONDO,

    Plaintiff,

v.                                        Case No. 1:08-cv-478
                                             Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).

Plaintiff was born on February 29, 1976 and completed high school (AR 107, 127).[1] She alleged a disability onset date of March 12, 2000 (AR 107). Plaintiff had previous employment as a cashier, dishwasher, factory assembler, telemarketer and certified nurse's aid (CNA) (AR 122, 142). Plaintiff identified her disabling conditions as manic depression, possible chronic obsessive disorder, a "blown disc" in the back requiring surgery, chronic pain and migraines (AR 121). She explained that these conditions limit her ability to work because: she is in pain constantly; she is always crying without her anti-depressants; she has difficulty walking up and down stairs; and she needs help getting out of bed and sitting (AR 121). After administrative denial of plaintiff's claim,

---

[1] Citations to the administrative record will be referenced as (AR "page #").

an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on February 24, 2006 (AR 20-27). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 12, 2000, and was insured for benefits through March 31, 2003 (AR 26). Second, the ALJ found that plaintiff had the following severe impairments: carpal tunnel syndrome; depression; and degenerative joint disease of the neck and back (AR 26). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 26).

The ALJ decided at the fourth step that:

> The claimant has the residual functional capacity to perform lifting and carrying of 10 pounds frequently and 20 pounds occasionally, occasional climbing of ramps and stairs, occasional stooping and crouching as well as crawling, stand[ing] and walking for two hours per work day and 20 minutes at one time; she cannot work on ladders, ropes or scaffolding.

(AR 26). The ALJ found that because plaintiff's past work did not qualify as substantial gainful activity, she had no past relevant work (AR 24, 26).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a significant range of light work (AR 26). Specifically, the ALJ found that plaintiff could perform 5,427 jobs in the regional economy, in occupations such as general office clerk, carrier/messenger, assembler and packager (AR 25-26). Accordingly, the ALJ determined that plaintiff had not been under a disability at any time through the date of the decision, and entered a decision denying benefits (AR 26-27).

## III. ANALYSIS

Plaintiff raises two issues in this appeal.[2]

**A. The Decision must be remanded because it violates the Social Security Administration's own regulations by omitting from the hypothetical question any limitations from two of the three impairments found by the Decision: depression and carpal tunnel syndrome.**

The ALJ determined that plaintiff suffered from three severe impairments: carpal tunnel syndrome; depression; and degenerative joint disease of the neck and back (AR 26). After reviewing the medical record, the ALJ determined: that plaintiff recovered well from her left carpal tunnel syndrome surgery in March 2005; that she declined formal physical therapy after the surgery; that she would soon undergo right carpal tunnel syndrome surgery; and that she was only slightly restricted in performing daily activities due to mental health problems (AR 23-24). Based on this review, the ALJ determined that plaintiff's RFC did not include restrictions arising from the carpal tunnel syndrome or the depression (AR 22-24, 26). The ALJ's hypothetical questions posed to the vocational expert (VE) at step five of the evaluation included limitations consistent with this RFC determination (AR 26, 879-82). Plaintiff contends that the hypothetical questions did not accurately

---

[2] Plaintiff's initial brief set forth the claim in § III.A. Plaintiff raised additional claims in her reply brief. *See* § III.B.

reflect her condition because "by definition" both the carpal tunnel syndrome and depression were severe impairments, based upon the ALJ's own findings, which significantly limited her ability to do basic work activities. Plaintiff's Brief at 9. While, at first glance, plaintiff's argument appears to have substance, the interplay between the concepts of "severe impairment" and the "ability to do basic work activities" is more complicated than it might appear.

In the Sixth Circuit, "the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 has been construed as a *de minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* The severity requirement is generally employed as an administrative tool to screen out claims that are "totally groundless" from a medical standpoint. *Id.* at 862-63. The lenient interpretation of the severity requirement arose, in part, from the court's response to the Secretary's "questionable practice" in the 1980's of using the step two regulation to deny meritorious disability claims without proper vocational analysis. *Id.* at 862. "In light of these legal principles and recent history, it is now plain that in the vast majority of cases a disability claim may not be dismissed without consideration of the claimant's individual vocational situation." *Id.*

In contrast to the "*de minimis* hurdle" posed by the severe impairment requirement at step two, the ALJ's vocational determination at step five involves a fact intensive analysis to identify other work that a claimant can perform with his or her RFC. An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the plaintiff has the vocational

6

qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through reliance on the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental impairments. *Id.* However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). "[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals." *Stanley v. Secretary of Health and Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994).

Here, the ALJ's hypothetical questions were consistent with the restrictions set forth in the RFC. Plaintiff relies on *Howard v. Commissioner of Social Security*, 276 F.3d 235 (6th Cir. 2002) for the general proposition that the ALJ's hypothetical questions failed to accurately reflect her limitations by omitting references to refer to either the carpal tunnel syndrome or the depression. Plaintiff's Brief at 9. *See Howard*, 276 F.3d at 241 (noting that the ALJ's hypothetical question to the VE failed to include claimant's diagnoses of degenerative disc disease, osteoarthritis and a major depressive disorder). The Sixth Circuit, however, does not construe *Howard* as requiring an ALJ to include each severe impairment in a hypothetical question posed to the VE:

> A firmly established rule in this circuit prevents a panel of the court from issuing an opinion overruling a decision of another panel. Were *Howard* to be interpreted to require hypothetical questions to vocational experts to include lists of claimants' medical conditions, it would contravene the holdings of earlier cases of this circuit. In *Foster v. Halter*, 279 F.3d 348 (6th Cir.2001), we stated that a hypothetical question need only reference all of a claimant's limitations, without reference to the claimant's medical conditions. *Foster*, 279 F.3d at 356. In *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777 (6th Cir.1987), a case cited in *Howard*, we likewise determined that a vocational expert need only "take[ ] into account plaintiff's limitations." *Varley*, 820 F.2d at 780. Except for *Howard*, [the claimant] can cite no case requiring that a hypothetical question include a listing of medical conditions. Consequently, because such an interpretation would conflict with this circuit's precedent, we cannot read *Howard* to create an entirely new requirement for hypothetical questions to vocational experts.

*Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004).

In addition, the Sixth Circuit has rejected the proposition advanced by plaintiff that an ALJ's RFC determination and hypothetical questions posed to the VE must include a listing of a claimant's severe impairments:

> "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D.Mich. July 14, 2004). *Howard* does not stand for the proposition that all impairments deemed "severe" in step two must be included in the hypothetical. The regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms. 20 C.F.R. § 404.1545(e).

*Griffeth v. Commissioner of Social Security*, 217 Fed. Appx. 425, 429 (6th Cir. 2007).

Plaintiff contends that *Griffeth* is distinguishable because unlike the claimant in *Griffeth*, whose depression had only a minimal effect on her ability to concentrate, plaintiff's depression was found to pose a moderate limitation in concentration when performing complex or intellectual work (AR 24). Plaintiff's Reply brief at 2. The court disagrees. Plaintiff's contention in this appeal is that the ALJ found two severe impairments at step two of the evaluation, but failed to include these impairments in the hypothetical questions posed to the VE at step five. *Griffeth*, which is consistent with Sixth Circuit precedent, the regulations and SSR 96-3p, found that an ALJ is not required to include a severe impairments in the RFC or the hypothetical question if the impairment does not affect the claimant's functional capacity to do work.

Accordingly, the ALJ's hypothetical questions posed to the VE were not defective for failing to reference the severe impairments of carpal tunnel syndrome and depression.

### B.  The ALJ improperly evaluated plaintiff's depression and carpal tunnel syndrome.

In her reply brief, plaintiff raises new issues by attacking the ALJ's evaluation of her depression and carpal tunnel syndrome (i.e., the ALJ limited his review to plaintiff's post-surgical carpal tunnel limitations rather than plaintiff's pre-surgical carpal tunnel limitations). These issues are not properly before the court. In its Order Directing Filing of Briefs, the court directed that "Plaintiff's initial brief must contain a Statement of Errors, setting forth specific errors of fact or law upon which plaintiff seeks reversal or remand." *See* docket no. 8. Plaintiff's initial brief was limited to the narrow issue of whether the ALJ violated the Agency's regulations by omitting two severe impairments from the hypothetical question posed to the VE. In her reply brief, plaintiff expands this issue to contest the ALJ's substantive evaluation of those two severe impairments. The court will not review these additional claims which were not identified as errors in plaintiff's original brief.

In addition, plaintiff's new arguments rely on records of a subsequent carpal tunnel surgery that took place between the hearing date (May 16, 2005) and the issuance of the ALJ's decision (February 24, 2006) (AR 826). These records were never presented to the ALJ. Rather, the records are part of a 154-page exhibit submitted to the Appeals Council after the ALJ entered the decision denying benefits (AR 1, 695-847). Plaintiff cannot rely on this evidence to demonstrate an error in the ALJ's decision. When a plaintiff submits evidence that has not been presented to the ALJ, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human*

*Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).[3]  In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and the evidence might have changed the prior proceeding. The standard in determining whether to remand a claim for the consideration of new evidence is governed by statute.  "The court . . . may at any time order the additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g)(emphasis added).  Here, plaintiff neither requested a sentence-six remand nor established the statutory elements for a remand.

Finally, plaintiff cites no legal authority in support of these new claims.  A court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.  *Little v. Cox's Supermarkets*,  71 F.3d 637, 641 (7th Cir. 1995).  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to  . . . put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, the court deems the two claims raised in the reply brief as waived.

---

[3] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction  with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand).  *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

**IV.	Recommendation**

For these reasons, I respectfully recommend that the Commissioner's decision be affirmed.

Dated:  May 5, 2009	/s/ Hugh W. Brenneman, Jr.
	HUGH W. BRENNEMAN, JR.
	United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).